**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

JASON DARNELL MOBLEY,      )
                                 )
             Plaintiff,    )
                                 )
             v.           )         1:17cv117
                                 )
ANGELA C. FOSTER, et al.,   )
                                 )
             Defendants.   )

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the Court on Plaintiff's Application to Proceed In Forma Pauperis (Docket Entry 1) in conjunction with his pro se Complaint (Docket Entry 2). For the reasons that follow, the Court will grant Plaintiff's instant Application for the limited purpose of recommending dismissal of this action.

### LEGAL STANDARD

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts solely because his poverty makes it impossible for him to pay or secure the costs." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (internal quotation marks omitted). "Dispensing with filing fees, however, [is] not without its problems. . . . In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining

relief against the administrative costs of bringing suit." <u>Nagy v.</u> <u>FMC Butner</u>, 376 F.3d 252, 255 (4th Cir. 2004). To address this concern, the in forma pauperis statute provides that "the [C]ourt shall dismiss the case at any time if the [C]ourt determines . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

As to the first of these grounds, "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." <u>Nagy</u>, 376 F.3d at 256–57 (some internal quotation marks omitted). In determining frivolousness, the Court may "apply common sense." <u>Nasim</u>, 64 F.3d at 954.

As to the second ground, a plaintiff "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), when the complaint does not "contain sufficient <u>factual matter</u>, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (emphasis

added) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

The third ground for dismissal under 28 U.S.C. § 1915(e)(2)(B) generally applies to situations in which doctrines established by the United States Constitution or at common law immunize governments and/or government personnel from liability for

---

[1] Although "[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (dismissing pro se complaint); accord Atherton v. District of Columbia Office of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A pro se complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a pro se complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (first quoting Erickson, 551 U.S. at 94; then quoting Iqbal, 556 U.S. at 679)).

damages. See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing sovereign immunity of states and state officials under the Eleventh Amendment); Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines); cf. Allen v. Burke, 690 F.2d 376, 379 (4th Cir. 1982) (noting that, even where "damages are theoretically available under [certain] statutes . . ., in some cases, immunity doctrines and special defenses, available only to public officials, preclude or severely limit the damage remedy" (internal quotation marks omitted)).

## INTRODUCTION

Asserting jurisdiction under "42 U.S.C. § 1983," Plaintiff initiated this action against eight defendants: (1) "Amanda Fields, Deputy County Attorney" ("Defendant Fields"), (2) "Banita Baker, Guilford Co. Dept. of Social Services" ("Defendant Baker"), (3) "Donna Michelle Wright, Attorney Advocate" ("Defendant Wright"), (4) "Carole Smith, Guardian ad Litem" ("Defendant Smith"), (5) "Angelique Hamlet, Guardian ad Litem Supervisor" ("Defendant Hamlet"), (6) "Robert Stone, Probation Officer" ("Defendant Stone," and collectively with Defendant Fields, Defendant Baker, Defendant Wright, Defendant Smith, and Defendant Hamlet, the "Trial Defendants"), (7) "Judge Angela C. Foster" ("Judge Foster," and collectively with Trial Defendants, the "State Defendants"), and (8) "Guilford County General Court of Justice."

(Docket Entry 2 at 1-2.) The Complaint's statement of claim section states in its entirety:

> Due to my [f]alse [a]rrest on Oct. 31, 2013[,] I was unable to appear in [the] General Court of Justice before [Judge Foster], Juvenile Session[, for] a hearing [on] Nov. 1, 2013[, in a] matter regarding my minor daughter R.R.S. This invalid incarceration and invalid [f]elony [p]robation [v]iolation gave credence [sic] that strip[ped] me of my daughter and my [p]arental [r]ights. The Juvenile Session used all measure of false allegations to defame and stigmatize me as an unfit father. The Juvenile Session assumed my guilt an[d] used it[s] merit [to] terminat[e] my Parental Right. My child was placed in foster care and adopted out as chattel. This disparaging action never acknowledged [that] all charges were dismissed [on] February 4, 2014.

(Id. at 2.) The Complaint further requests (1) the return of Plaintiff's child, (2) that "all defamation of [Plaintiff's] character [be] restored," and (3) $10 million in "[p]unitive [d]amages for the [t]ermination of [Plaintiff's] parental [r]ights." (Id. at 3.)

Plaintiff attached to the Complaint an "Order on Pretrial Hearing" (id. at 4-6 (the "Hearing Order")) and the first page of an "Order Terminating Parental Rights" (id. at 7 (the "Termination Order," and collectively with the Hearing Order, the "Orders")) entered in his underlying state-court parental rights case.[2] The

_____

[2] The Complaint's attachments also include a National Association for the Advancement of Colored People Complaint of Discrimination detailing alleged discrimination by the "Guilford County Sheriff's Department, GPD, [and the] Greensboro Court System," in resolving Plaintiff's state-court drug charges and in providing medical treatment during Plaintiff's incarceration on those charges. (Docket Entry 2 at 8-9; see also id. at 10

Hearing Order indicates that the state court held a hearing on February 11, 2014, but did not take action on the parental rights termination petition; instead, the state court continued the case. (See id. at 4-5.)  The Termination Order reflects that:  (1) the Guilford County Department of Social Services moved to terminate Plaintiff's parental rights (id. at 7 (the "Motion to Terminate")), (2) Trial Defendants, as well as Plaintiff and his attorney, appeared at an adjudicatory hearing on the Motion to Terminate during "the May 16, 2014 Juvenile Session of the Guilford County District Court," at which Defendant Baker testified (id.), and (3) the state court granted the Motion to Terminate (see id. (entitled an "Order Terminating Parental Rights"); accord id. at 2 (documenting that the juvenile session "terminat[ed] [Plaintiff's] [p]arental [r]ight")).

## **DISCUSSION**

"Section 1983 provides a federal statutory remedy for deprivations of rights secured by the United States Constitution

---

(providing additional allegations for the Complaint of Discrimination).)  However, the Complaint of Discrimination contains no allegations against Defendants in this matter.  (See id. at 8-10.)  Regardless, the undersigned Magistrate Judge has considered the Complaint in conjunction with each of the attached documents for purposes of this Section 1915(e)(2) review.  See, e.g., Anderson v. Miller, Civ. Action No. 0:08-743, 2008 WL 5100845, at *1 n.2, *4 (D.S.C. Dec. 2, 2008) (construing the plaintiff's pro se complaint and attached documents together when deciding whether the action failed to state a claim for relief under 28 U.S.C. § 1915(e)(2)).

and federal statutes," Clear Sky Car Wash, LLC v. City of Chesapeake, Va., 910 F. Supp. 2d 861, 888-89 (E.D. Va. 2012) (citing Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009)), and provides, in pertinent part, that

> [e]very person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State or
> Territory or the District of Columbia, subjects, or
> causes to be subjected, any citizen of the United States
> or other person within the jurisdiction thereof to the
> deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to
> the party injured in an action at law, suit in equity, or
> other proper proceeding for redress, except that in any
> action brought against a judicial officer for an act or
> omission taken in such officer's judicial capacity,
> injunctive relief shall not be granted unless a
> declaratory decree was violated or declaratory relief was
> unavailable[,]

42 U.S.C. § 1983. Thus, "[t]o state a claim for relief in an action brought under § 1983, [a litigant] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

A three-year statute of limitations applies to Section 1983 claims. See Wilson v. Garcia, 471 U.S. 261, 276-80 (1985) (holding that, in Section 1983 actions, state personal injury limitations period controls); Brooks v. City of Winston-Salem, 85 F.3d 178, 181 (4th Cir. 1996) (applying North Carolina's three-year limitations period for personal injuries to Section 1983 actions). As quoted

-7-

above, the Complaint focuses on a "Juvenile Session" on November 1, 2013 (Docket Entry 2 at 2), but Plaintiff did not file the Complaint until February 10, 2017 (id. at 1). Thus, to the extent Plaintiff relies on actions taken at the November 1, 2013 Juvenile Session to support his Section 1983 claims, the statute of limitations bars his claims. See Tommy Davis Const., Inc. v. Cape Fear Pub. Util. Auth., 807 F.3d 62, 67 (4th Cir. 2015) (observing that "§ 1983 claims arising in North Carolina are limited by the three-year period for personal injury actions set forth in [N.C. Gen. Stat.] § 1-52(5)," and concluding that because the plaintiff filed the action outside of this three-year period, "the federal claim was time-barred").

## I. Guilford County General Court of Justice

Guilford County General Court of Justice operates within the state court system. See N.C. Gen. Stat. § 7A-4 ("The General Court of Justice constitutes a unified judicial system for purposes of jurisdiction, operation and administration, and consists of an appellate division, a superior court division, and a district court division."). As such, it does not qualify as a "person" amenable to suit under Section 1983. See, e.g., Oliva v. Boyer, No. 98-1696, 163 F.3d 599 (Table), 1998 WL 637405, at *1 (4th Cir. Sept. 11, 1998) (affirming dismissal of "the Superior Court of Pennsylvania" because that entity "is not a person as defined by 42 U.S.C.[] § 1983"); Brown v. Lewisburg City Court, No. 1:08CV332,

2008 WL 2390745, at *3 (M.D.N.C. June 9, 2008) (recommending dismissal of Section 1983 claim against "Lewisburg City Court" because it does not qualify as a person under Section 1983), recommendation adopted, slip op. (M.D.N.C. Nov. 12, 2008). Plaintiff's Section 1983 claims against Guilford County General Court of Justice thus fail in such obvious fashion as to qualify as frivolous. See Black v. Circuit Court of Wythe Cty., No. 7:07-CV-205, 2007 WL 1289911, at *1 (W.D. Va. May 1, 2007) (dismissing as frivolous Section 1983 claims against the Wythe County Circuit Court because "[a] circuit court is not a 'person' subject to suit under [42 U.S.C.] § 1983").

## II. State Defendants

Turning next to Plaintiff's claims against State Defendants, assuming, arguendo, that those defendants qualify as state actors subject to constitutional restraints (see Docket Entry 2 at 2, 4-7 (reflecting that State Defendants consist of a North Carolina district court judge, deputy county attorney, social worker, attorney advocate, guardian ad litem, guardian ad litem supervisor, and probation officer)), Plaintiff has not identified whether he proceeds against State Defendants in their individual capacities, official capacities, or both capacities (see id. at 1-3).

## A. Official Capacity Claims

With regard to official capacity liability, the Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The United States Supreme Court has extended eleventh-amendment immunity to suits brought "by citizens against their own States." Board of Trs. of the Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001) (citing cases). As a result, "absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court." Kentucky v. Graham, 473 U.S. 159, 169 (1985).

Importantly, eleventh-amendment immunity "remains in effect when State officials are sued for damages in their official capacity," id., because "a suit for damages against a state official in his official capacity is actually a suit against his office and, thus, the State," Eller v. Kaufman, No. 2:11CV31, 2012 WL 3018295, at *8 (W.D.N.C. July 24, 2012) (citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)). Moreover, the State does not qualify as a "person" within the meaning of 42 U.S.C. § 1983, Will, 491 U.S. at 64–66, and thus "Congress did not exercise its power to abrogate a state's Eleventh Amendment

-10-

immunity when it enacted 42 U.S.C. § 1983," <u>Coffin v. South Carolina Dep't of Soc. Servs.</u>, 562 F. Supp. 579, 585 (D.S.C. 1983) (citing <u>Quern v. Jordan</u>, 440 U.S. 332 (1979)); <u>see also</u> <u>Will</u>, 491 U.S. at 67 (concluding that Section 1983 was not "intended to disregard the well-established immunity of a State from being sued without its consent").

Applying these principles to Plaintiff's case, a suit against State Defendants in their official capacities constitutes a suit against North Carolina; however, because North Carolina does not qualify as a "person" under Section 1983, Plaintiff may not maintain a Section 1983 damages claim against State Defendants in their official capacities. See <u>Eller</u>, 2012 WL 3018295, at *9 (observing that "the State is not a 'person' within the meaning of Section 1983 and, therefore, [the p]laintiff may not maintain a Section 1983 claim for damages against [the state-official-defendant] in his official capacity"); <u>see also</u> <u>Woodward v. Chautauqua Cty.</u>, No. 15-CV-246, 2016 WL 4491712, at *2 (W.D.N.Y. July 5, 2016) (concluding that "[n]either a state agency nor a state officer acting in his official capacity is subject to suit under 42 U.S.C. § 1983" (citing <u>Posr v. Court Officer Shield No. 207</u>, 180 F.3d 409 (2d Cir. 1999))), <u>recommendation adopted</u>, 2016 WL 4475044, at *1 (W.D.N.Y. Aug. 25, 2016). As such, to the extent Plaintiff seeks damages against State Defendants in their official capacities under 42 U.S.C. § 1983, his claims cannot proceed.

**B. Individual Capacity Claims**

**i. Judge Foster**

With respect to Plaintiff's individual capacity claims, the Complaint asserts that Judge Foster presided over a "Juvenile Session" in Plaintiff's state-court parental rights case (Docket Entry 2 at 2 (asserting that "[Plaintiff] was unable to appear in General Court of Justice before Judge Angela C. Foster, Juvenile Session")), and the Hearing Order establishes that Judge Foster serves as a North Carolina District Court Judge for the General Court of Justice, District Court Division, Guilford County, North Carolina (see id. at 4-6 (providing copy of the Hearing Order that Judge Foster signed as "Guilford County District Court Judge Presiding" and that she filed in the General Court of Justice, District Court Division, Guilford County, North Carolina)). The Complaint raises multiple allegations against Judge Foster's adjudication of Plaintiff's parental rights case. (See id. at 2 (alleging that Judge Foster wrongly (1) considered Plaintiff's "invalid incarceration and invalid [f]elony [p]robation [v]iolation," (2) used "false allegations to defame and stigmatize [Plaintiff] as an unfit father," (3) "assumed [Plaintiff's] guilt" for certain crimes and used that guilt to terminate Plaintiff's parental rights, and (4) failed to acknowledge that all charges against Plaintiff "were dismissed").) As a consequence of these

alleged wrongdoings, the Complaint seeks the return of Plaintiff's child, the restoration of Plaintiff's character, and monetary damages.  (<u>Id.</u> at 3.)

"Judges performing <u>judicial acts</u> within their jurisdiction are entitled to absolute immunity from civil liability claims," <u>In re Mills</u>, 287 F. App'x. 273, 279 (4th Cir. 2008) (emphasis added), "even if such acts were allegedly done either maliciously or corruptly," <u>King v. Myers</u>, 973 F.2d 354, 356 (4th Cir. 1992) (citing <u>Pierson</u>, 386 U.S. at 554).  <u>See also</u> <u>Mireles v. Waco</u>, 502 U.S. 9, 11 (1991) (stating that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages"). Judicial acts constitute those acts that are "normally performed by a judge" and that affect parties who "dealt with the judge in h[er] judicial capacity."  <u>Mireles</u>, 502 U.S. at 12 (internal quotation marks omitted); <u>see also</u> <u>King</u>, 973 F.2d at 357 (noting that to determine whether a judge's action constitutes a "judicial act" protected by judicial immunity, the Court must consider "whether the function is one normally performed by a judge, and whether the parties dealt with the judge in his or her judicial capacity").  A plaintiff can overcome the judicial immunity bar to recovery only if the judge's "actions were non-judicial or the actions were judicial but were taken without jurisdiction."  <u>Evans v. Downey</u>, No. 1:15-CV-117, 2016 WL 3562102, at *2 (W.D. Ky. June 24, 2016) (citing <u>Mireles</u>, 502 U.S. at 13).

In this case, the Complaint's allegations against Judge Foster concern judicial actions that she took in a parental rights case pending in the District Court Division of the North Carolina General Court of Justice.  (See Docket Entry 2 at 2; see also id. at 4-6 (Hearing Order).)  By statute, the North Carolina District Court Division maintains "exclusive original jurisdiction to hear and determine any petition or motion relating to termination of parental rights . . . ."  N.C. Gen. Stat. § 7B-1101; see also In re D.B., 186 N.C. App. 556, 558 (2007) ("North Carolina General Statutes section 7B-1101 confers on the District Court the exclusive power to hear actions to terminate parental rights.").  Thus, in presiding over hearings and entering orders in Plaintiff's parental rights case, Judge Foster properly exercised jurisdiction over matters vested by law in the district court division.  See Stump v. Sparkman, 435 U.S. 349, 357 (1978) (recognizing judges' entitlement to absolute immunity unless acting in "clear absence of all jurisdiction" (internal quotation marks omitted)).

Further, as each of Plaintiff's allegations concern Judge Foster's judicial acts of considering evidence and entering orders in Plaintiff's state-court parental rights case, even if her judicial acts denied Plaintiff due process, judicial immunity still applies.  See Mikhail v. Kahn, 991 F. Supp. 2d 596, 660 (E.D. Pa. 2014) (holding that "[j]udges are absolutely immune from suit under section 1983 for monetary damages arising from their judicial

acts," even if such acts took "place *ex parte* and without notice or a hearing" (internal quotation marks omitted)). Accordingly, absolute judicial immunity bars Plaintiff's Section 1983 damages claims against Judge Foster. See Harry v. Lauderdale Cty., 212 F. App'x 344, 346-47 (5th Cir. 2007) (affirming dismissal of the plaintiffs' Section 1983 suit against a state court judge because judicial immunity barred liability).

With regard to Plaintiff's request for the return of his child and restoration of his character (see Docket Entry 2 at 3), Section 1983 states that "injunctive relief shall not be granted" in an "action brought against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable," 42 U.S.C. § 1983. "Thus, the doctrine of judicial immunity in Section 1983 actions now extends to suits for injunctive relief." Clay v. Osteen, No. 1:10CV399, 2010 WL 4116882, at *4 (M.D.N.C. Oct. 19, 2010) (citing Roth v. King, 449 F.3d 1272, 1286 (D.C. Cir. 2006)), recommendation adopted, slip op. (M.D.N.C. Nov. 17, 2010); see also Lepelletier v. Tran, 633 F. App'x 126, 127 (4th Cir. 2016) (concluding that the appellant's "claims seeking injunctive relief against a sitting state court judge for actions taken in his judicial capacity . . . were barred by the plain language of 42 U.S.C. § 1983"). As discussed above, Judge Foster acted in her judicial capacity and within her

jurisdiction in connection with each of the alleged violations of Plaintiff's constitutional rights. Accordingly, the judicial immunity bar extends to Plaintiff's requests for injunctive relief.

## ii. Trial Defendants

Turning last to Trial Defendants, the Complaint utterly lacks any factual matter that would support a Section 1983 claim against these defendants. (See Docket Entry 2 at 1-3.) In fact, aside from listing Trial Defendants as parties to this action, the Complaint contains no specific allegations regarding Trial Defendants' conduct in the Complaint. (See id.) This deficiency alone warrants their dismissal. See Weller v. Department of Soc. Servs. for City of Baltimore, 901 F.2d 387, 397 (4th Cir. 1990) (affirming trial court's dismissal of two defendants for failure to state a claim because "a careful review of the complaint reveals no allegations against [them]"); see also id. at 391 ("The special judicial solicitude with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." (internal quotation marks omitted)); Anderson v. Galvin, Civ. Action No. 0:08-744, 2008 WL 4441940, at *2 (D.S.C. Sept. 29, 2008) ("The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff

could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or 'conjure up questions never squarely presented' to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).").

Moreover, even assuming Plaintiff's allegations regarding the "Juvenile Session" involve Trial Defendants, his claims still fail. In that regard, the Complaint asserts that "[t]he Juvenile Session used all measure of false allegations to defame and stigmatize [Plaintiff] as an unfit father," including by "assuming [Plaintiff's] guilt" regarding his "[f]alse [a]rrest," "invalid incarceration," and "invalid [f]elony [p]robation [v]iolation," without acknowledging that Plaintiff's criminal "charges were dismissed." (Docket Entry 2 at 2.)[3] However, the Complaint fails

_____

[3] The Termination Order confirms that Defendant Baker testified at the state-court hearing on the Motion to Terminate. (See Docket Entry 2 at 7 (providing that, "as to the adjudicatory hearing on grounds, the [c]ourt received the sworn testimony of [Defendant] Baker").) To the extent Plaintiff challenges Defendant Baker's testimony in the adjudicatory hearing, the common-law immunity for witnesses bars any damages claim based on that testimony. See Briscoe v. LaHue, 460 U.S. 325, 328 (1983) (noting that "all witnesses . . . are absolutely immune from civil liability based on their testimony in judicial proceedings"); see also Moldowan v. City of Warren, 578 F.3d 351, 390 (6th Cir. 2009) (explaining that "[a] witness is entitled to testimonial immunity no matter how egregious or perjurious that testimony was alleged to

to connect those allegations to any specific conduct committed by any of the Trial Defendants.  (See id. at 1-3.)

Additionally, "Section 1983 is not itself a source of substantive rights, but rather provides a method for vindicating federal constitutional and statutory rights." Jones v. Chandrasuwan, 820 F.3d 685, 691 (4th Cir. 2016).  Thus, to state a claim for relief under Section 1983, Plaintiff must allege a "depriv[ation] of a right secured by the Constitution or laws of the United States." American Mfrs. Mut. Ins. Co., 526 U.S. at 49. Importantly, "[d]efamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation." Siegert v. Gilley, 500 U.S. 226, 233 (1991); see also Paul v. Davis, 424 U.S. 693, 708-11 (1976) (holding that injury to reputation by itself does not qualify as a "liberty" interest protected under the Fourteenth Amendment); Fisher v. Lynch, 531 F. Supp. 2d 1253, 1262 & n.3 (D. Kan. 2008) (refusing to construe Plaintiff's allegations that the defendant "defamed him in an attempt to further interfere with his parental rights" as a federal claim because "controlling case law clearly rejects any attempt to transform a basic state law defamation claim into one arising under the Constitution"); Watterson v. Fowler, Civ. Action No. 9:06 1064, 2006 WL 1663801, at *4 (D.S.C. June 8, 2006) (ruling that "an

have been" (internal quotation marks omitted)).

alleged act of defamation of character or injury to reputation is not actionable under 42 U.S.C. § 1983" (brackets and internal quotation marks omitted)); Brisbane v. Beaufort Cty. Sheriff's Dep't, Civ. Action No. 4:04-401, 2006 WL 279024 at *5 (D.S.C. Feb. 2, 2006) ("The plaintiff's claims relating to defamation and slander are subject to summary dismissal because defamation of character or of reputation is not actionable under 42 U.S.C. § 1983.").

Under these circumstances, the Complaint's shotgun-style, conclusory allegations do not "allow the [C]ourt to draw the reasonable inference" that Trial Defendants violated Plaintiff's constitutional rights. Iqbal, 556 U.S. at 678; see also id. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). Therefore, Plaintiff has failed to state a plausible Section 1983 claim against Trial Defendants. As such, the Court should dismiss the Complaint against Trial Defendants under 28 U.S.C. § 1915(e)(2), but without prejudice to the presentment of claims supported by appropriate factual allegations as to particular defendants.

**C. State-Law Claims**

As a final matter, given the dismissal of the Complaint's federal claims (i.e., the Section 1983 claim(s)), the Court should also dismiss any related state-law claims (e.g., defamation). Federal courts "have original jurisdiction of all civil actions

arising under the Constitution[ and] laws . . . of the United States." 28 U.S.C. § 1331.[4]  "[I]n any civil action of which the [federal] courts have original jurisdiction, the [federal] courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  Nevertheless, a federal court "may decline to exercise supplemental jurisdiction over a claim" if it dismisses "all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c).

Here, as discussed above, Plaintiff's federal claims (i.e., those claims arising under the Constitution and laws of the United States) warrant dismissal under 28 U.S.C. § 1915(e)(2).  The Court thus may appropriately decline to exercise supplemental

_____

[4] Federal courts also maintain "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).  Under Section 1332(a), original "jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978) (emphasis in original).  In this case, the Complaint asserts that Plaintiff and at least one defendant qualify as citizens of North Carolina (Docket Entry 2 at 1; see also Docket Entry 3 at 1 (asserting that Judge Foster also resides in North Carolina)), thus precluding original jurisdiction over this action under Section 1332(a).  Moreover, the Complaint does not purport to invoke diversity jurisdiction.  (See Docket Entry 2 at 1 (asserting jurisdiction under "42 U.S.C. § 1983")).  Accordingly, federal question jurisdiction provides the only source of the Court's original jurisdiction over this matter.

jurisdiction over Plaintiff's state-law claims.  See <u>Shanaghan v.</u> <u>Cahill</u>, 58 F.3d 106, 110 (4th Cir. 1995) (explaining that, pursuant to 28 U.S.C. § 1367(c)(3), "a [federal] court has discretion to dismiss or keep a case when it 'has dismissed all claims over which it has original jurisdiction,'" and that "[t]here are *no* situations wherein a federal court *must* retain jurisdiction over a state law claim, which would not by itself support jurisdiction" (emphasis in original)).

## CONCLUSION

In sum, Guilford County General Court of Justice does not qualify as a "person" amenable to suit under Section 1983, Plaintiff's official capacity claims against State Defendants cannot proceed in light of the restriction of Section 1983 to actions against "persons," as informed by the doctrine of eleventh-amendment immunity, absolute judicial immunity bars Plaintiff's individual capacity claims against Judge Foster, the Complaint fails to state a Section 1983 claim against Trial Defendants in their individual capacity, and the Court should decline to exercise supplemental jurisdiction over Plaintiff's state-law claims.

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis (Docket Entry 1) is **GRANTED** for the limited purpose of considering this recommendation of dismissal.

**IT IS RECOMMENDED** that Plaintiff's federal claim(s) against Guilford County General Court of Justice be dismissed with prejudice.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claim(s) against Judge Foster in both her official and individual capacity be dismissed with prejudice.

**IT IS FURTHER RECOMMENDED** that Plaintiff's official capacity federal claim(s) against Trial Defendants be dismissed with prejudice.

**IT IS FURTHER RECOMMENDED** that Plaintiff's individual capacity federal claim(s) against Trial Defendants be dismissed without prejudice.

**IT IS FURTHER RECOMMENDED** that Plaintiff's state-law claims be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

/s/ L. Patrick Auld
_____
**L. Patrick Auld**
**United States Magistrate Judge**

April 20, 2017